Prepared by State Reporter from Appeal Papers

chandise subject to acceptance or refusal by defendant at its office in Pennsylvania. He maintained an office on the door of which was the name of defendant. Its name was also listed in the telephone directory and in the directory of tenants of the building. As late as November, 1926, the defendant's letter heads carried the notation " New York Office, 366 Broadway." The summons herein was served upon Nestler at this address in December, 1926. The following questions were certified: " 1. Were the duties of and the authority conferred upon Richard J. Nestler such as to constitute him a managing agent of the defendant corporation within the meaning of subdivision 3 of section 229 of the Civil Practice Act? 2. Did the Supreme Court of the State of New York obtain jurisdiction of Juniata Hosiery Mills, Incorporated, by service of the summons herein upon said Richard J. Nestler within the State of New York? "

*Maurice M. Cohn* for appellant.

*Emerson F. Davis* and *Daniel S. Murphy* for respondent.

Order affirmed, with costs; second question certified answered in the negative; first question not answered; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* DAVID GORDON, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* DAILY WORKER PUBLISHING Co., INC., Appellant.

*Crimes — possessing indecent printed matter — judgments of conviction affirmed.*

People v. *Gordon*, 222 App. Div. 726, affirmed.
People v. *Daily Worker Pub. Co., Inc.*, 222 App. Div. 726, affirmed.
(Argued February 20, 1928; decided March 27, 1928.)

APPEAL in the first above-entitled action, by permission, from a judgment of the Appellate Division of the Supreme

38

Prepared by State Reporter from Appeal Papers

Court in the first judicial department, entered December 2, 1927, which affirmed a judgment of the Court of Special Sessions of the city of New York convicting the defendant of the crime of possessing indecent printed matter in violation of section 1141 of the Penal Law.

Appeal in the second above-entitled action, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 8, 1927, which affirmed a judgment of the Court of Special Sessions of the city of New York convicting the defendant of the crime of possessing indecent printed matter in violation of section 1141 of the Penal Law.

*Charles Dickerman Williams* and *Joseph R. Brodsky* for appellants.

*Joab H. Banton, District Attorney (Edwin B. McGuire* of counsel), for respondent.

Judgment in each case affirmed; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

NORA HEIMAN, Respondent, *v.* NEW YORK LIFE INSURANCE COMPANY, Appellant.

*Insurance (life) — action to recover upon policy of life insurance — defense of suicide.*

*Heiman* v. *New York Life Ins. Co.*, 222 App. Div. 654, affirmed.
(Argued February 20, 1928; decided March 27, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 9, 1927, affirming a judgment in favor of plaintiff entered upon a verdict. The action was to recover upon a policy of life insurance. The insured was found dead upon the sidewalk in front of the apartment house where he resided. The question was whether death resulted from suicide or from accident.